*Original filed 3/21/06

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONNIE S. MARTIN, | ) | No. C 04-2924 JF (PR) |
| Plaintiff, | ) ) | ORDER GRANTING DEFENDANTS' MOTION TO SCREEN AMENDED COMPLAINT; ORDER OF SERVICE |
| vs. | ) ) ) | |
| KENNETH PONDER, et al. | ) ) | |
| Defendants. | ) ) | |
| | ) | (Docket No. 12) |

Plaintiff, an inmate at Salinas Valley State Prison proceeding pro se, filed a civil rights complaint in Monterey County Superior Court, alleging a claim of deliberate indifference concerning his dental care against prison medical personnel - Kenneth Ponder, C. Kates and Charles Lee. Defendants, Salinas Valley prison officials, removed this action to federal court based on federal question jurisdiction. See 28 U.S.C. §§ 1331, 1441(b). On February 18, 2005, the Court granted Defendants' motion to screen the complaint and dismissed the complaint with leave to amend because Plaintiff's complaint did not set forth facts sufficient to state a claim under 42 U.S.C. § 1983. Plaintiff filed an amended complaint. Defendants filed a motion for the Court to screen the amended complaint under 28 U.S.C. § 1915A.

Order Granting Defendants' Motion to Screen Amended Complaint; Order of Service
P:\pro-se\sj.jf\cr.04\Martin924srv

1  The Court will GRANT Defendant's motion to screen the complaint (docket. no. 12) and
2  order service of the amended complaint on the Defendants.

### BACKGROUND

Plaintiff complains that Salinas Valley State Prison medical personnel provided inadequate dental care and were deliberately indifferent to his dental needs and refused to allow Plaintiff to see an outside dentist for treatment. He names the following Defendants in his complaint: Kenneth Ponder, Chief Dental Officer at Salinas Valley State Prison; C. Kates, LVN at Salinas Valley State Prison; and Charles Dudley Lee, Health Care Manager at Salinas Valley State Prison. Plaintiff seeks compensatory and punitive damages in the form of monetary relief.

### DISCUSSION

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988). To state a claim a plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been invaded. See Paul v. Davis, 424 U.S. 693, 697 (1976).

\\\
\\\
\\\

B.   Plaintiff's Claims

Plaintiff alleges claims of deliberate indifference against Kenneth Ponder, Charles Dudley Lee, and C. Kates. Plaintiff claims that Defendant Ponder refused to send Plaintiff to an outside dentist, although Ponder has the authority to do so. Ponder's refusal delayed Plaintiff's dental treatment subjecting him to irreparable nerve damage, pain and suffering. Plaintiff claims that Ponder is aware of Plaintiff's dental needs and is aware that the prison is not equipped to provide Plaintiff with the necessary services. See Amended Complaint at 2-3.

Plaintiff alleges that Charles Dudley Lee, Health Care Manager at Salinas Valley State Prison, has the authority to send Plaintiff to an outside contracted dentist. Defendant Lee was aware of Plaintiff's dental needs on July 11, 2003. Lee put Plaintiff on a 24-36 month waiting list to be seen by B-Yard Dentist, Dr. Kenzi, on October 23, 2003. Dr. Kenzi told Plaintiff that the only way to save his front tooth was to send Plaintiff to an outside dentist for off-site health care treatment. Dr. Kenzi told Plaintiff that Defendant Lee would never send Plaintiff to an outside dentist. Plaintiff notes that off-site health care treatment is provided for in the California Code of Regulations, Title 15. Plaintiff alleges that Defendant Lee deliberately caused him to suffer irreparable emotional and physical damage and has inflicted unnecessary and wanton pain upon Plaintiff. Defendant Lee failed to provide Plaintiff with adequate dental services and refused to follow the California Department of Corrections' rules and regulations. See Amended Complaint at 3-4. Plaintiff next claims that Defendant Kates, LVN, is not qualified to handle dental complaints. Defendant Kates disregarded Plaintiff's dental needs and did not care that Plaintiff was in unbearable pain. See Amended Complaint at 4-5.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en

banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059.

A "serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle v. Gamble, 429 U.S. at 104). The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. See id. at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). In order for deliberate indifference to be established, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. See McGuckin, 974 F.2d at 1060; Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

Liberally construed, Plaintiff has alleged cognizable claims of deliberate indifference against all Defendants. The Court will order service of the amended complaint.

## CONCLUSION

1.  Defendants' motion to screen the amended complaint (docket no. 12) is GRANTED.

2.  The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, copies of the amended complaint in this matter (docket no. 12), all attachments thereto, and copies of this order on all named Defendants: KENNETH PONDER, Salinas Valley State Prison, CHARLES DUDLEY LEE, Salinas

Valley State Prison, and C. KATES, LVN, Salinas Valley State Prison.  The Clerk shall also serve a copy of this order on Plaintiff and Defendants' counsel.

      3.      In order to expedite the resolution of this case, the Court orders as follows:

      a.      No later than **sixty (60) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion, or shall notify the Court that Defendants are of the opinion that this case cannot be resolved by such a motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

**<u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due</u>**.

All papers filed with the Court shall be promptly served on Plaintiff.

      b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.  The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary

judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

      Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendant's motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

      c.    Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

      d.    The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

      4.    All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendants' counsel.

      5.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court and the parties informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

      6.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

IT IS SO ORDERED.

DATED:   3/20/06

JEREMY FOGEL
United States District Judge

1 | This is to certify that on _____ a copy of this order has been mailed to:

2

3 | Ronnie S. Martin
T-64750
Salinas Valley State Prison
4 | P.O. Box 1060
Soledad, CA 93960-1060

5

6

7 | Michael W. Jorgenson
Deputy Attorney General
CA State Attorney General's Office
8 | 455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Granting Defendants' Motion to Screen Amended Complaint; Order of Service
P:\pro-se\sj.jf\cr.04\Martin924srv