NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE S. MARTIN,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>KENNETH PONDER, et al.<br><br>　　　　　Defendants. | No. C 04-2924 JF (PR)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION TO AUGMENT THE RECORD AS MOOT<br><br>(Docket Nos. 14, 26) |

　　　　Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint in the Monterey Superior Court, alleging a claim of deliberate indifference concerning his dental care on the part of medical personnel at Salinas Valley State Prison ("SVSP"). Defendants removed this action to federal court based on federal question jurisdiction. See 28 U.S.C. §§ 1331, 1441(b). The Court granted Defendants' motion to screen the complaint and initially dismissed the complaint with leave to amend because the complaint did not set forth facts sufficient to state a claim under 42 U.S.C. § 1983. Plaintiff then filed an amended complaint, and the Court ordered service of the amended complaint on Defendants.

Defendants move to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b) on the basis that Plaintiff failed to exhaust administrative remedies prior to filing his complaint. Plaintiff has filed opposition with supporting documentation of his prison administrative appeal and a motion to augment the record. Defendants have filed a reply. Based upon the papers submitted, the Court concludes that Plaintiff did not exhaust his administrative remedies prior to filing his complaint and will DISMISS the instant complaint without prejudice for failure to exhaust administrative remedies (docket no. 14). The Court will DENY Plaintiff's motion to augment the record with interrogatory responses of Defendant Ponder (docket no. 26) as moot.

## BACKGROUND

Plaintiff alleges that Salinas Valley State Prison medical personnel provided inadequate dental care and were deliberately indifferent to his dental needs based upon their refusal to allow Plaintiff to see an outside dentist for treatment. Plaintiff names the following Defendants in his complaint: Kenneth Ponder, Chief Dental Officer at Salinas Valley State Prison; C. Kates, LVN at Salinas Valley State Prison; and Charles Dudley Lee, Health Care Manager at Salinas Valley State Prison. Plaintiff filed an administrative appeal at SVSP concerning his claims. Plaintiff filed a civil rights complaint in the Monterey Superior Court on October 8, 2003. On July 19, 2004, Defendants removed this action to federal court based on federal question jurisdiction. See 28 U.S.C. §§ 1331, 1441(b).

## DISCUSSION

The record shows that Plaintiff filed his civil rights complaint in the Monterey Superior Court on October 8, 2003, prior to the exhaustion of his administrative appeal on October 15, 2003. In his opposition to the instant motion, Plaintiff alleges that because he exhausted his administrative remedies prior to the removal of the instant action to this Court and the Court's initial order of service on February 18, 2005, his administrative

remedies have been properly exhausted.[1]

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement only applies to cases filed after the passage of the PLRA on April 26, 1996. See Bennett v. King, 293 F.3d 1096, 1097-98 (9th Cir. 2002) (exhaustion requirement applied to case refiled after PLRA enacted).

Exhaustion is mandatory and no longer left to the discretion of the district court. Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards." Id. Even when the relief sought cannot be granted by the administrative process, i.e., monetary damages, a prisoner must still exhaust administrative remedies. Id. at 2382-83 (citing Booth, 532 U.S. at 734). The mandatory exhaustion of available administrative remedies is not limited to suits under § 1983, but to any suit challenging prison conditions. Id. at 2383 (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)).

Nonexhaustion under § 1997e(a) is an affirmative defense. Jones v. Bock, 127 S. Ct. 910, 922-23 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied, 540 U.S. 810 (2003). Defendants have the burden of raising and proving the absence of exhaustion, and inmates are not required to plead or demonstrate exhaustion specifically in their complaints. Jones, 127 S. Ct. at 921-22. As there can be no absence of exhaustion unless some relief remains available, a movant claiming lack of exhaustion must demonstrate that pertinent relief remained available, whether at unexhausted levels

---

[1] According to the Court's docket, Defendants removed this civil rights action to this Court on July 19, 2004 (docket no. 1). The Court granted Defendants' motion to screen the complaint and dismissed the complaint with leave to amend on February 18, 2005 (docket no. 12).

Order Granting Defendants' Motion to Dismiss; Denying Plaintiff's Motion to Augment the Record as Moot
P:\pro-se\sj.jf\cr.04\Martin924mtd    3

or through awaiting the results of the relief already granted as a result of that process. Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005).

A nonexhaustion claim should be raised in an unenumerated Rule 12(b) motion rather than in a motion for summary judgment. Wyatt, 315 F.3d at 1119. In deciding such a motion – a motion to dismiss for failure to exhaust nonjudicial remedies – the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. If the court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice. Id. at 1120.

The PLRA exhaustion requirement requires "proper exhaustion" of available administrative remedies. Id. at 2387. The issue presented in this case has been addressed directly by the Ninth Circuit, which has held that an action must be dismissed unless the prisoner exhausted his available administrative remedies before he or she filed suit, even if the prisoner fully exhausts while the suit is pending. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see also Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed).

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. Title 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. See id. § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. Id. § 3084.5; Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). This satisfies the administrative remedies exhaustion requirement under § 1997e(a). Id. at 1237-38.

Here, Petitioner filed a prison administrative appeal challenging his complaint concerning his dental care at SVSP.  Plaintiff then filed his original complaint in Monterey Superior Court on October 8, 2003.  See Plaintiff's Original Complaint (Docket No. 1).  The prison administrative appeal was completed on October 15, 2003, the date of the Director's Level Appeal Decision denying his appeal.  See Plaintiff's Opposition, Exhibit A at 1-2.  Because Plaintiff filed his complaint before his administrative appeal was completely exhausted, Respondent's motion to dismiss the amended complaint (docket no. 14) must be GRANTED.

Plaintiff moves to augment the record to include Defendant Ponder's response to Plaintiff's set 2 of interrogatories which allegedly includes Defendant Ponder's admission that he has never sent any inmate to an outside contracted dentist.  See Pl.'s Mot. at 1-2.  Based upon the Court's dismissal of the complaint for failure to exhaust administrative remedies, the motion to augment the record (docket no. 26) is DENIED as moot.

## CONCLUSION

Respondent's motion to dismiss the instant complaint (docket no. 14) is GRANTED for Plaintiff's failure to exhaust all available administrative remedies prior to filing his civil rights complaint in the state superior court.  Plaintiff's motion to augment the record based upon Defendant Ponder's alleged admission (docket no. 26) is DENIED as moot.  The action is DISMISSED without prejudice.  The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 3/22/07

JEREMY FOGEL
United States District Judge

1  A copy of this order has been mailed to:

2

3  Ronnie S. Martin
   T-64750
   Salinas Valley State Prison
4  P.O. Box 1060
   Soledad, CA  93960-1060
5

6  Michael Jorgenson
   CA State Attorney General's Office
7  455 Golden Gate Avenue
   Suite 11000
8  San Francisco, CA  94102-7004

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Granting Defendants' Motion to Dismiss; Denying Plaintiff's Motion to Augment the Record as Moot
P:\pro-se\sj.jf\cr.04\Martin924mtd                6